UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


AINA Z. LAYSON

                                        CIVIL ACTION

VERSUS

                                        NUMBER 14-518-SDD-SCR

BAFFIN INVESTMENTS, LTD.,
ET AL.


                            **<u>NOTICE</u>**

        Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

        In accordance with 28 U.S.C. §636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

        ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

        Baton Rouge, Louisiana, January 26, 2015.


                                _____
                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


AINA Z. LAYSON
                                            CIVIL ACTION
VERSUS
                                            NUMBER 14-518-SDD-SCR
BAFFIN INVESTMENTS, LTD.,
ET AL.


**MAGISTRATE JUDGE'S REPORT**

Before the court is Motion to Remand filed by plaintiff Aina Z. Layson. Record document number 3. The motion is opposed.[1]

Careful review of the allegations in the plaintiff's Petition for Damages,[2] the defendants' Notice of Removal and attached exhibits,[3] and the applicable law supports the conclusion that the removing defendants satisfied their burden of establishing removal jurisdiction pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards and the Federal Arbitration Act ("the Convention"), 9 U.S.C. § 201, *et seq*. Therefore, the plaintiff's Motion to Remand should be denied.

**Background**

Plaintiff filed a Petition for Damages in state court seeking

---

[1] Record document number 5. Plaintiff filed a reply memorandum. Record document number 10. Defendants filed a supplemental memorandum. Record document number 15.

[2] Record document number 1-2, Exhibit A.

[3] Record document number 1-3 through 1-5.

damages for the injuries and death of her husband, Fildion Layson.[4]

Plaintiff alleged that a malfunctioning crane collapsed on Mr. Layson while he was working on board the M/V Federal Yoshino. Plaintiff named as defendants Baffin Investments, Ltd., the owner/operator of the the M/V Federal Yoshino, and Filidon Layson's employer, Intership Navigation, Inc.

Plaintiff alleged Jones Act and general maritime claims against the defendants for various acts of negligence. Plaintiff also alleged that the defendants fraudulently induced the plaintiff to accept a settlement of death benefits and sign a Release of Rights.

In the Notice of Removal the defendants alleged that the court has removal jurisdiction under 9 U.S.C. § 205. Defendants asserted that Fildion Layson entered into a Contract of Employment[5] which incorporated the Philippine Overseas Employment Administration ("POEA") amended Standard Terms and Conditions Governing Employment of Filipino Seafarers On-board Ocean-Going Ships ("POEA Amended

---

[4] Record document number 1-2. Plaintiff previously filed a Petition for Damages in the Civil District Court for the Parish of Orleans (the "Orleans Petition") against the defendants, which was removed to the U.S. District Court for the Eastern District of Louisiana. This suit was subsequently remanded to the state court and voluntarily dismissed by the plaintiff.

[5] Record document 1-3, Exhibit B, Philippine Overseas Employment Administration Contract of Employment. The contract is dated October 8, 2012.

Standard Terms"). [6] Both the previous POEA Standard Terms and Conditions [7] and the POEA Amended Standard Terms include Section 29, which states in relevant part as folows:

DISPUTE SETTLEMENT PROCEDURES
In cases of claims and disputes arising from this employment, the parties covered by a collective bargaining agreement shall submit the claim or dispute to the original and exclusive jurisdiction of the voluntary arbitrator or panel of voluntary arbitators.

Defendants asserted that based on this written agreement to arbitrate the plaintiff's claims are subject to removal jurisdiction under Convention.

Defendants also alleged that Convention § 205 is applicable because the plaintiff's claims relate to an arbitral award she received as a result of a claim before the National Labor Relations Commission of the Republic of the Philippines Department of Labor and Employment ("NLRC"). Specifically, the defendants alleged that following Fildion Layson's death the plaintiff filed a claim under the Contract of Employment as his widow. Defendants alleged that this claim was subsequently settled, and the plaintiff entered into a release agreement. Defendants alleged that the plaintiff moved the NLRC to dismiss her complaint, and the labor arbiter presiding

---

[6] Record document 1-4, Exhibit C, pp. 13 - 51.

[7] Record document number 1-4, Exhibit C., pp. 1 - 11. According to the Affidavit of Ruben Del Rosario, Section 29 was added to the POEA standard terms in 2000. Record document number 15-1, p. 7. Although the date on the document is unclear, there is no dispute that it preceded the POEA Amended Standard Terms.

over the case entered an order of dismissal that was subject to the Convention.

Plaintiff moved to remand arguing that the defendants cannot establish jurisdiction under the Convention. Plaintiffs disputed the existence of a written agreement to arbitrate. Plaintiff argued that Section 29 of the POEA was replaced by the terms of a Collective Bargaining Agreement ("CBA") which did not require mandatory arbitration.[8] Plaintiff also provided evidence to establish that the plaintiff was not a party to an arbitral proceeding nor were the funds she received as a result of her claim filed with the NLRC an arbitral award.[9]

## Applicable Law

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards, provides removal jurisdiction over cases relating to arbitration agreements that fall federal courts as follows:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

9 U.S.C. § 205.

---

[8] Record document 3-2, Exhibit A.

[9] Record document number 3-3 through 3-12, Exhibit B, Affidavit of Jesus Silo and attachments.

An agreement falls under the Convention when (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in a territory that is a signatory to the Convention; (3) the relationship arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen. *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 903 (5th Cir. 2005)

With respect to determining whether a claim relates to an arbitration agreement, the Fifth Circuit has held where an arbitration clause provides that certain types of disputes must be arbitrated, it "relates to" a lawsuit filed in state court seeking resolution of those types of disputes and is, therefore, removable. *Acosta v. Master Maintenance and Const. Inc.*, 452 F.3d 373, 378 (5th Cir. 2006). The Fifth Circuit also noted that § 205 was "one of the broadest removal provisions" and reverses the general rule of construing removal statutes strictly against removal. *Id.*

## Analysis

Defendants established that the plaintiff's claims relate to an arbitration agreement. Defendants showed that Fildion Layson executed an employment contract which included an arbitration clause – Section 29 of the POEA Amended Standard Terms. The cases cited by the defendants show that the language used in this clause, including the term "voluntary arbitrator," is sufficient to compel

arbitration pursuant to the Convention.[10]  Plaintiff filed her

claims on behalf of Fildion Layson and herself for damages that

arose from injuries incurred during his employment and the

defendants' allegedly fraudulent actions in handling her initial

claim before the NLRC.  Plaintiff's claims against the defendants

are encompassed by the broad language used to define the

applicability of the arbitration clause, i.e "[i]n cases of claims

and disputes arising from this employment ..."  Thus, the

arbitration clause "relates to" the plaintiff's claims for purposes

of the jurisdiction under the Convention.

Plaintiff's attempt to invalidate the arbitration clause by

showing a lack of an "agreement in writing to arbitrate the

dispute" is unpersuasive.[11]  Plaintiff relied on the addendum

attached to the original POEA standard terms.  The addendum

states:

VENUE OF LEGAL ACTION

It is hereby agreed that all claims, disputes or
controversies that may arise from this employment
contract shall be brought by either party exclusively
before the proper courts in Metro Manila.[12]

---

[10] *Baricuatro v. Industrial Personnel and Management Services,
Inc.*, 927 F.Supp.2d 348 (E.D.La. Feb 27, 2013).

[11] The parties do not contest that the agreement provides for
arbitration in a territory that is a signatory to the Convention;
the relationship arises out of a commercial legal relationship; and
a party to the agreement is not an American citizen.

[12] Record document 1-4, p. 12, Addendum to Standard Terms and
(continued...)

Plaintiff argued that this provision was added because defendants' employment contract was replaced by the CBA and establishes that the terms and conditions of the employment contract no longer include mandatory arbitration.

The addendum does not conflict with or negate Section 29 but rather, designates a venue for claims arising from the employment contract. Section 29 governs the manner of bringing disputed claims arising out of the employment contract - namely, arbitration.

Plaintiff's reliance on the term "voluntary arbitration" found in Article 13 of the CBA is misplaced, and her argument concerning the applicability of the terms of the CBA is unpersuasive.[13] The terms of the CBA executed between the employer and the union do not negate the existence of the arbitration clause in the POEA Amended Standard Terms. The two exist separately, having different parties and applications. Article 13 of the CBA applies to disputes about the "interpretation or application of any provisions of this Agreement or enforcement of Company policies," whereas Section 29 applies to "claims and disputes arising from [Fildion Layson's]

---

[12](...continued)
Conditions Governing the Employment of Filipino Seafarers Onboard Ocean Going Vessels. Although not clear, the addendum appears to be dated some time in 2002. The addendum is not attached to the POEA Amended Standard Terms which are dated October 26, 2010.

[13] Plaintiff's arguments in her original memorandum on this issue conflict with those set forth in her reply memorandum.

employment."

Because the court has jurisdiction under § 205 of the Convention based on an arbitration clause related to the plaintiff's claims, the parties' arguments concerning the validity of the arbitral award and/or proceedings do not need to be addressed.

## Conclusion

Defendants have satisfied their burden of establishing removal jurisdiction under § 205. Plaintiff's claims are subject to an arbitration agreement that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by the plaintiff be denied.

Baton Rouge, Louisiana, January 26, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE